**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD SCHAUERMAN,

      Petitioner - Appellant,

v.

GARY NEET, Warden; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1090
D.C. No. 00-S-1774
(D. Colorado)

---

## ORDER AND JUDGMENT [*]

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Richard Schauerman, a Colorado state inmate appearing *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because petitioner has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses this appeal. *Id.* § 2253(c)(2).

Petitioner pled guilty in February 1989 to murder in the second degree, Colo. Rev. Stat. § 18-3-103(1) (1989), and to having committed a crime of violence subject to mandatory sentencing, Colo. Rev. Stat. § 16-11-309 (1989). Pursuant to the enhanced sentencing requirements of § 16-11-309, petitioner was sentenced to forty-eight years' imprisonment–twice the maximum sentence for a second-degree murder conviction–plus a period of parole. Petitioner filed a motion for reconsideration of sentence, which was denied by the trial court. He did not file a direct appeal.

In 1992, petitioner filed a motion in state court to correct sentence, which was denied. In October 1998, petitioner filed a motion seeking state post-conviction relief under Colorado Rule of Criminal Procedure 35(c). The motion was dismissed as time-barred, because petitioner filed it six years after the

time for filing such motions had elapsed. The Colorado Court of Appeals affirmed the denial, finding no justifiable excuse for his failure to file a timely Rule 35(c) motion. The Colorado Supreme Court denied certiorari review. Petitioner then filed his § 2254 petition.

In his § 2254 petition, petitioner claims (1) his constitutional rights to a jury trial and to due process were violated by the imposition of an enhanced sentence for the commission of a violent crime under § 16-11-309, citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); (2) his plea was not knowing and voluntary; and (3) based on *Apprendi*, he received ineffective assistance of counsel at his plea with respect to the sentencing enhancement.

Adopting the magistrate judge's report and recommendation, the district court dismissed the petition. It dismissed petitioner's second claim for failure to exhaust his state court remedies because he failed to raise it in a timely Rule 35(c) motion. It dismissed the first and third claims, both based on *Apprendi*, because petitioner pled guilty to having committed a crime of violence under § 16-11-309, and there was no fact separate from the elements of the crime that increased his penalty. Thus, the district court ruled petitioner had failed to state a constitutional

-3-

claim under *Apprendi*. Furthermore, petitioner was advised he was facing a possible forty-eight year sentence in conjunction with his guilty plea and did not allege any facts suggesting he received ineffective assistance of counsel.

Since the date of the district court's order, this court has held that *Apprendi* is not retroactively applicable to initial habeas corpus petitions. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.), *cert. denied*, 2002 WL 31013013 (U.S. Oct. 15, 2002) (No. 02-6125). In light of *Mora*, petitioner's first and third claims, based on *Apprendi*, are foreclosed. Further, the district court correctly ruled that petitioner's second claim was procedurally barred.

Petitioner's application for COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge